**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DENNIS J. DONOGHUE,
and MARK RUBENSTEIN,
Plaintiffs,

v.

ALSET INC.,

Defendant.

No. 26-cv-8823

**COMPLAINT**
**For Attorneys' Fees Payable Under §16(b) of the Securities Exchange Act, 15 U.S.C. §78p(b)**

Plaintiffs Mark Rubenstein and Dennis J. Donoghue ("Plaintiffs"), by their undersigned attorneys, as and for their Complaint herein, respectfully allege on knowledge as to themselves and their own acts and on information and belief as to all other matters, as follows:

**<u>JURISDICTION and VENUE</u>**

1. This Court has jurisdiction over this action pursuant to the provisions of §16(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. §78p(b), and §78aa of the Act, and other relevant sections.

2. Venue is proper in this Court pursuant to §27 of the Act, 15 U.S.C. §78aa. The common stock of Alset is traded on the NASDAQ Stock Market LLC (under stock ticker: AEI), through market makers located within this District. Services giving rise to the recovery recited herein at the Claim for Relief were rendered in whole or in part within this District.

**<u>THE PARTIES</u>**

3. At all relevant times, Alset Inc. ("Alset" or the "Company") was and is a Texas corporation with principal offices at: 4800 Montgomery Lane-Suite 210, Bethesda Maryland 20814.

4. At all relevant times, the issued and outstanding shares of common stock of Alset were registered pursuant to §12(b) of the Act, 15 U.S.C. §78*l*(b), and directors, officers and 10% shareholders of Alset were subject to reporting and compliance required under §16 of the Act.

5. At all relevant times, Ambrose Chan Heng Fai was CEO, a director, and a 10% beneficial owner of Alset.

6. Plaintiffs Mark Rubenstein and Dennis J. Donoghue are U.S. citizens and shareholders of Alset. Plaintiff Dennis J. Donoghue is a resident of this District.

**CLAIM FOR RELIEF**

7. On September 12, 2025, Ambrose Chan Heng Fai, sold a total of 500,000 shares of Alset, at an average price of $2.67 per share.

8. Within six months prior to the sale above, Ambrose Chan Heng Fai purchases shares of Alset at lower prices, realizing profits in violation of §16(b) which are subject to recovery by Alset.

9. Plaintiffs, through counsel, sent demands to the Alset Board of Directors on September 17, 2025, for the recovery of all such profits.

10. Plaintiffs retained such counsel for the purpose of investigating the transactions effected in Alset securities by its officers, directors and 10% shareholders to determine whether any such transactions came within the purview of §16(b); to determine and calculate the profits, if any, realized by such officers, directors, or 10% shareholders, and the nature and extent of their statutory liability; to make proper statutory demand on Alset, requesting that it institute suit against any of its officers, directors, or 10% shareholders for the recovery of such statutory profits; to furnish Alset with information as might be necessary or proper for the commencement and prosecution of such action; and to prepare all necessary pleadings, proofs, and papers necessary or

proper for the commencement of such suit in the event that Alset failed or refused to institute such action or failed diligently to prosecute the same.

11. Plaintiffs agreed to pay a fair and reasonable counsel fee to counsel for legal services rendered, contingent upon the Alset's reimbursing Plaintiffs in the amount of such legal fees so incurred.

12. Plaintiffs' counsel undertook to perform all legal services required pursuant to his retainer by Plaintiffs, investigated the applicable law, ascertained that the transactions of Ambrose Chan Heng Fai in Alset securities had been made in violation of §16(b), and computed and determined that Ambrose Chan Heng Fai had realized profits recoverable by Alset in accordance with the applicable provisions of §16(b). After these services had been rendered, Plaintiffs, through counsel, sent written demands via email to Alset, requesting that Alset act to recover all short swing trading profits of Ambrose Chan Heng Fai under §16(b).

13. As a result of Plaintiffs' demands, Alset collected a total of $457,808 from Ambrose Chan Heng Fai, on September 29, 2025.

14. Plaintiffs' counsel, without prejudice to further fees to be earned hereby, has requested from Alset a legal fee of $114,450, or approximately 25% of the benefit received by Alset to date. Alset has ignored that request.

15. Upon information and belief, by reason of its receipt and acceptance of the legal services rendered and communicated to Alset by Plaintiffs' counsel, and Alset's subsequent actions taken pursuant thereto, Alset ratified and confirmed the right and authority granted by §16(b) Plaintiffs and their counsel to render the aforesaid services for and on behalf of Alset.

16. Upon information and belief, Alset has knowingly received, accepted and retained the benefits of the services rendered by Plaintiffs through counsel, and has realized the aggregate amount of $457,808, which it would not otherwise have realized but for such services.

17. Plaintiffs are entitled to recover from Alset a fair and reasonable fee for their counsel for services contingently undertaken and incurred in performing those services and in taking the steps which resulted in Alset's recovery of short swing profits from Ambrose Chan Heng Fai in the amount of $457,808. Plaintiffs seek no personal benefit but bring this action to recover the expenses contingently incurred in an amount of the reasonable value of legal services rendered by counsel and solely for the purpose of paying for those services.

18. Upon information and belief, and in view of the amount of benefit conferred upon Alset, the fair and reasonable value of the legal services rendered to date, and not in prejudice of further fees to be earned hereby, by Plaintiffs' counsel in this matter is $114,450.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment:

(a) Against Alset to the benefit of Plaintiffs' counsel for past services and benefits as described in the Claim for Relief in the amount of $114,450, inclusive of out-of-pocket costs and disbursements, together with the costs of this action;

(b) For such other, further, and/or different relief as the Court may deem just and proper.

Dated: New York, NY
October 6, 2026

/s/ Miriam Tauber
Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
(323) 790-4881 | MiriamTauberLaw@gmail.com

/s/ David Lopez
David Lopez (DL-6779)
LAW OFFICE OF DAVID LOPEZ
171 Edge of Woods Rd. | PO Box 323
Southampton NY 11969
(631) 287-5520 | DavidLopezEsq@aol.com

*Attorneys for Plaintiffs*